NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-3261
_____


EUPHEMIA STANDEFER, in her official capacity
as Receiver for Scientific Living, Inc., and
SCIENTIFIC LIVING, INC.

v.

T.S. DUDLEY LAND COMPANY;
NEW PENN EXPLORATION COMPANY;
SOUTHWESTERN ENERGY PRODUCTION CO.;
DONALD LOPER, and  ADAM C. OLIVIER

Euphemia Standefer, Scientific Living, Inc.,
Appellants

_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-09-cv-01115)
District Judge:  Honorable Richard P. Conaboy
_____

Argued April 25, 2011

Before: SLOVITER, GREENAWAY, JR., Circuit Judges
and POLLAK,[*] District Judge

_____

[*] Hon. Louis H. Pollak, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

(Filed:  May 11, 2011)

———

Gene E. Goldenziel  (Argued)
Needle, Goldenziel, Pascale & Consagra
Scranton, PA  18503

        Attorney for Appellants

David R. Fine  (Argued)
Amy L. Groff
Patricia C. Shea
K&L Gates
Harrisburg, PA  l7101

        Attorney for Appellees

———

OPINION

———

SLOVITER, *Circuit Judge*.

        Euphemia Standefer, the Receiver for Scientific Living, Inc., brought this lawsuit against Southwestern Energy Production, Co., T.S. Dudley Land. Co., NewPenn Exploration Co., and two of their agents, alleging that an agreement to lease oil and gas exploration rights under Scientific Living's land was either subject to rescission as *ultra vires* or fraudulently induced.  The District Court rejected both claims and Standefer appeals.  We will affirm.

        Standefer's rescission claim fails because nothing in the Receivership Order required Standefer to seek court pre-approval before disposing of company assets.  The

Receivership Order only directs that any asset conveyance must comply with "the Order of this Court"—that is, the Receivership Order itself. Beyond that, it would be perverse to allow Standefer to rescind a contract based on her own failure to seek court approval.

Likewise, the District Court properly rejected Standefer's fraudulent inducement claim. Standefer could not have justifiably relied on the defendants' representations that $100 per acre was the best price she could receive for the lease. She not only had the opportunity to investigate whether that price was fair, but did indeed do so, contacting her attorney who told her in no uncertain terms that $100 per acre was not a fair price. As to Standefer's claim that she was misled by defendants' misrepresentation that January 30, 2008, was her last opportunity to sign the lease, there is nothing in the record that demonstrates that this statement was untrue, much less that the defendants knew it to be untrue. Although some leases were finalized in the following weeks, this clean-up does not undermine the veracity of the defendants' representation that January 30, 2008 was Standefer's last chance. The parties dispute whether the parol evidence rule bars consideration of the extrinsic evidence regarding price and deadline. We need not resolve this issue because, as outlined above, even if we consider that evidence as Standefer suggests, judgment in favor of the defendants was proper.

For the foregoing reasons and substantially for the reasons stated by the District Court, we will affirm the judgment in favor of the defendants.